The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
I am writing in response to the opinion request you submitted regarding the levy of municipal gross receipts taxes on R.V. parks pursuant to A.C.A. § 26-75-602. I have paraphrased your question as follows:
 Does A.C.A. § 26-75-602(c)(1) allow a city of the first class to levy a tax on the gross receipts of RV parks, which are businesses that rent spaces for people to park their RVs or other camping vehicles during overnight or extended stays? In other words, does an RV Park as just described, count as a hotel, motel or short-term condominium rental accommodation under A.C.A. § 26-75-602(c)(1)?
RESPONSE
In my opinion, A.C.A. § 26-75-602(c)(1) allows a city to levy a gross receipts tax on the gross receipts of RV parks subject to the exemption for rental periods of thirty days or more.
Until quite recently, the gross receipts tax on accommodations under A.C.A. § 26-75-602(c)(1) applied only to "hotel, motel, or short-term condominium rental accommodations." A.C.A. § 26-75-602(c)(1) (Repl. 2008). In fact, in 2008, this *Page 2 
office opined that legislative clarification was necessary in order to definitively determine whether the language of A.C.A. § 26-75-602(c)(1) allowed the gross receipts tax to be applied to the gross receipts of "cabins, cottages, bed and breakfasts, campgrounds, or any other lodging facilities." Op. Att'y Gen. 2008-083.
Earlier this year, the legislature provided the necessary clarification and amended the section in question, which now reads as follows:
 (c) The tax authorized in this subchapter shall be upon any one (1) or more of the following, as specified in the levying ordinance:
 (1) The gross receipts or gross proceeds from renting, leasing, or otherwise furnishing hotel, motel, house, cabin, bed and breakfast, campground, condominium, or other similar rental accommodations for sleeping, meeting, or party room facilities for profit in such city or town, but such accommodations shall not include the rental or lease of such accommodations for periods of thirty (30) days or more[.]
A.C.A. § 26-75-602(c)(1) (Supp. 2009) (emphasis added).
Your question is whether this section applies to RV parks. Merriam-Webster's online dictionary defines a "recreational vehicle" (RV) as "a vehicle designed for recreational use (as in camping)[.]"Available at
http://www.merriam-webster.com/dictionary/recreational%20vehicle. Because camping is one of the primary uses for recreational vehicles, it is my opinion that an RV park most likely qualifies as a campground under A.C.A. § 26-75-601(c)(1). Even assuming that an RV park is distinguishable from a campground, I believe that it is sufficiently similar to fall within the catchall category of "other similar rental accommodations." See
A.C.A. § 26-76-602(c)(1) (Supp. 2009).
For this reason, it is my opinion that A.C.A. § 26-75-602(c)(1) allows a city to levy a gross receipts tax on the gross receipts of RV parks. Of course, to the extent that spaces in the RV park(s) in question are rented for "periods of thirty days or more," such spaces would be exempt from the gross receipts tax. See id. *Page 3 
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General